CLERK'S OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
August 04, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **DAVID W. ANDERSON,** | ) | |
| Plaintiff, | ) | Case No. 1:24CV00058 |
| v. | ) | **OPINION AND ORDER** |
| **FIRST BANK OF DALLAS,** | ) | Judge James P. Jones |
| Defendant. | ) | |

*David W. Anderson, Pro Se; Whitney D. Russell, Yoon Hi Greene, and Siddharth Velamoor,* Wilmer Cutler Pickering Hale and Dorr LLP, *Washington, D.C., for Federal Reserve Bank of Dallas.*

This case is muddled. It was originally filed in the Circuit Court of Buchanan County, Virginia, on August 27, 2024, by David W. Anderson, acting without counsel. While his allegations are difficult to follow, he appears to allege that he had a credit card account which is missing deposited funds. It is clear that the defendant named in his hand-written Complaint and Affidavit in Forma Pauperis is the "First Bank of Dallas," but there is no such entity, and it appears that he meant the Federal Reserve Bank of Dallas (Dallas Fed) which removed the action from state court to this Court and has filed a Motion to Dismiss.

As explained by Dallas Fed in its Memorandum in Support of its Motion to Dismiss, an entity named Comerica Bank, a Texas financial institution, administered a program on behalf of the U.S Treasury in which COVID stimulus payments and

Supplemental Security Income (SSI) funds were deposited in debit cards provided to eligible recipients. This program is called "Direct Express." Anderson appears to claim that the amounts deposited in his Direct Express card account between 2018 and 2021 totaled over $10,000, but when he checked the balance in December 2023, $4,440.34 was missing. Dallas Fed says it then sought to assist Anderson by contacting Comerica Bank on his behalf. Comerica Bank reported that it had temporally suspended and then closed Anderson's account. Dallas Fed says it assisted him as part of its authority under the federal consumer protection laws. Letter to Anderson, ECF No. 1-2.

Whatever the truth of Anderson's claim of missing funds, it is apparent that the Dallas Fed is not the proper defendant here.[1] In his response to the Motion to Dismiss, Anderson provides no relevant evidence or argument to the contrary. Accordingly, the Motion to Dismiss, ECF No. 19, is GRANTED. A separate judgment will be entered.

ENTER: August 4, 2025

/s/ JAMES P. JONES
Senior United States District Judge

---

[1] While Anderson is apparently a resident of this judicial district, the Dallas Fed is not, and it has also moved to dismiss on the grounds of improper venue. I need not consider that ground.